JOHN STRAUT v. JESSIE CARPENTER & a.

124

*William H. Sleeper* (by brief and orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for the defendants.

ALLEN, C. J.   The question is whether the legislation contains an implied declaration that failure reasonably to report an accident shall involve the same consequences which follow from unlicensed driving under the legislation construed in *Johnson* v. *Railroad*, 83 N. H. 350.   The amendment to that legislation (Laws 1937, *c*. 69; Laws 1939, *c*. 103) has no bearing on the question under consideration.   The amendment was evidently designed only to modify the rule of the *Johnson* case and related only to driving without first obtaining a license.   It does not relate to operation after suspension or revocation of a license, a subject specially provided for elsewhere (P. L., *c*. 102, *s*. 20).

The legislation relating to financial responsibility is designedly drastic, and the harshness of it falling upon innocent persons and adverted to in *Rosenblum* v. *Griffin*, 89 N. H. 314, 317, has been unmodified until 1941 (Laws 1941, *c*. 63, *s*. 2).   By this act owners and operators satisfying the Commissioner of freedom from blame for an accident are exempted from requirement to show or furnish financial responsibility.   But the duty to report accidents is unchanged, and suspension of license automatically follows until responsibility is shown or furnished or until freedom from blame is satisfactorily shown.   Both alternatives are of restoration of license, and the suspension during the period from report of an accident to a finding of freedom from blame may be of substantial length of time in many cases, if not as a usual matter of course.

The law would largely defeat its purpose if ignorance of the requirement to report were an excuse for not reporting. Advantage of such a rule would be taken by persons in fault for an accident, and the obvious difficulty of proof of knowledge in many cases would substantially lessen the effectiveness of the legislation to induce the carriage of insurance. The legislation fairly contemplates that the owner or operator of a car should be chargeable for any violation of the motor vehicle laws as though he were familiar with them, and held for such liability as the law may impose. If in some instances there is justifiable ignorance of violation, the consequences are a misfortune, the risk of meeting which owners and operators accept as a condition of their license. The hardship thus imposed may be relieved only at the expense of the effectiveness of the legislation, which is deemed of primary importance.

The plaintiff here, by failure to report, illegally retained his license, and such retention was intended to be the equivalent of suspension. Otherwise the legislation would contain a loophole which clearly was not meant to be allowed. The legislation fairly enacts in its spirit and implications that failure to report an accident shall be subject to the same consequences as disregard of a suspension. The suspension or revocation of a license is no less an imperative command not to operate than any lack of a license, and varying degrees and limits of consequences are not to be ascribed to the legislative purpose except as the legislation clearly prescribes them.

In a comparative analysis, the legislation requiring fitness for driving as a measure of securing safety and that requiring financial responsibility as a measure of securing compensation for liability are on the same plane of an important public interest, and in conformity with the rule of the *Johnson* case, the plaintiff here must be held, by his violation of the law, to have contributed in a manner made causal by the legislation, to his accident.

Nothing said herein is intended to apply to a person carrying insurance to the amount called for by the Financial Responsibility Act but failing to report an accident.

*Case discharged.*

MARBLE and PAGE, J.J., dissented: the others concurred.